# GIORDANO, HALLERAN & CIESLA, P.C.
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
WWW.GHCLAW.COM

**DONALD F. CAMPBELL, JR., ESQ.**
SHAREHOLDER
DCAMPBELL@GHCLAW.COM
DIRECT DIAL: (732) 219-5494

*Please Reply To:*
125 HALF MILE ROAD
SUITE 300
RED BANK, NJ 07701
(732) 741-3900
FAX: (732) 224-6599

April 12, 2024

Client/Matter No. 22609-2

**Via E-Filing & E-Mail**
Hon. Vincent F. Papalia, U.S.B.J.
United States Bankruptcy Court- District of New Jersey
MLK Jr. Federal Building
50 Walnut Street
Newark, NJ 07102

RE: **In re Ernie's Auto Detailing, Inc.**
**Case No.: 21-19015-VFP**

Your Honor:

This firm represents Ernie's Auto Detailing, Inc. ("Ernie's" or the "Debtor") in connection with the above-referenced matter. As your Honor is aware, there is a Status Conference in this matter currently scheduled for April 12, 2024, at 10:00 a.m. Please accept this letter in lieu of a more formal response to the correspondence by the Acting Secretary of Labor of the U.S. Department of Labor (the "DOL") submitted to Chambers via email on April 10, 2024.

The Debtor has and continues to make, a good faith effort to provide all outstanding discovery requests. On February 16, 2024, the Debtor provided discovery responses pursuant to the joint schedule order. On March 12, 2024, the DOL requested 11 categories of documents which the Debtor had objected to providing. The debtor agreed to produce requests 1, 2, 3, 4, 5, and 6, but objected to same to the extent the requests sought production of documents from 2017 – 2020. The Debtor also agreed to produce additional documents in response to requests 7, 8, 10, and 11, if any additional documents existed. After discussions between the parties, the Debtor agreed to provide additional documents responsive to document requests 1, 2, 4, 7, 8, 10, and 11, but objected to provide additional responses to 5 and 6. Specifically, the Debtor agreed to produce General Ledgers from 2021-2023 and all insurance documents in the Debtors' possession since 2021. Our office informed the DOL that the Debtor will continue to work to produce insurance

GIORDANO, HALLERAN & CIESLA

A Professional Corporation
ATTORNEYS-AT-LAW

Hon. Vincent F. Papalia, U.S.B.J.
April 12, 2024
Page 2

invoices, although said documents would be more difficult to retrieve. Our office also confirmed with the DOL that all payments for insurance would be produced in the General Ledgers. The DOL continues to request documents in response to general ledgers from 2017 – 2020, reformatted versions of bates stamped documents EADI-006279-009472 and EADI 009476-009482, and documentation related to Exhibits A and B of the Debtor's Third Amended Plan.  The Debtor will produce documents related to the preparation of Exhibits A and B once they become available; however, for the reasons set forth below, the Debtor objects to the remaining continued requests because the information requested by the DOL is unreasonable, voluminous, and not likely to provide the court or the parties with information related to the Debtor's proposed plan or feasibility regarding confirmation of same.

      To date, the Debtor has provided the DOL all insurance policies and invoices in its possession. The Debor has made multiple requests from prior and existing insurance brokers to produce all requested documents and is still actively inquiring regarding same. The only outstanding documents include the following: (1) policies for Strand from August 2022 - August 2023, Phoenix Risk Management from September 2023, and Technology Assigned Risk insurance policy for 2023 – 2024. Thus, the request for an order precluding the Debtor from arguing that the DOL's expert report projections were made without reviewing insurance policies and invoices is rendered moot.

      The Debtor objects to the request for production of general ledgers from 2017 – 2020 as such request is not reasonable or relevant to the Debtor's proposed plan. The Debtor did not rely on such financial information in preparing the Third Amended Plan. Furthermore, the Debtor finds the production of all financial records between 2017 and 2021 to be overly broad and unduly burdensome. Furthermore, the Debtor's financial information from four to seven years ago is irrelevant to the Debtor's future financial projections.  Ironically, the cause for the DOL's claim against the Debtor was related to non-payment of wages to employees during this time period. Furthermore, the Debtor's revenue for 2022 and 2023 is significantly lower than in prior years which renders all other financial information irrelevant to future projections.

      Lastly, the documents produced in response to requests number 7 and 8 were produced via QuickBooks, and as far as we are aware, there is no alternative means to produce same documents. The Debtor is attempting to produce the information in an alternative format; however, it is not in the Debtor's control how said documents are reproduced from the software program.

      We respectfully request Your Honor deny the DOL's request for additional discovery so the Debtor may proceed to a confirmation hearing; however, we would not object to a short adjournment of the confirmation hearing to provide the DOL additional time to prepare for same.

RED BANK  •  NEW YORK CITY

GIORDANO, HALLERAN & CIESLA

A Professional Corporation
ATTORNEYS-AT-LAW

Hon. Vincent F. Papalia, U.S.B.J.
April 12, 2024
Page 3

      As always, the courtesies of the court are greatly appreciated.

                                      Respectfully submitted,

                                      */s/ Donald F. Campbell, Jr.*

                                      DONALD F. CAMPBELL, JR.

cc: Amy Tai, Esq. (tai.amy@dol.gov)
    Audrey Marie Winn, Esq. (winn.audreymarie.h@dol.gov)
    Mark Hall, Sub V Trustee (mhall@foxrothschild.com)

Case 21-19015-VFP    Doc 182    Filed 04/12/24    Entered 04/12/24 08:28:15    Desc Main
Document    Page 3 of 3